Bob B. Khakshooy, Esq., (SBN 224044)
LAW OFFICES OF BOB B. KHASHOOY
9454 Wilshire Blvd., Suite 601
Beverly Hills, California 90212
Tel: (310) 278-6666
Fax: (310) 278-0866
E-mail: bob@californiaattorneygroup.com

Attorneys for Plaintiffs
T. M., by and through his mother and Guardian ALACIA HAFNER

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| T.M.; by and through his mother and guardian ALACIA HAFNER, <br><br>         Plaintiffs <br><br> v. <br><br> CITY OF PALO ALTO; RON WATSON, individually and in his capacity as Interim Chief of the Palo Alto Police Department; OFFICER YOUNG [ID#: 6169], individually; OFFICER BARBOUR [ID #: 7082], individually; OFFICER WHITEHURST [ID #: 7118], individually; OFFICER M. VILLAESCUSA [ID #: 4456], individually; OFFICER TAANOUS [ID #: 7189], individually; OFFICER FINO [ID #; 6381], individually; OFFICER BURGIO [ID #: 6476], individually; OFFICER ENBERG [ID #: 7190], individually; and DOES 1 to 100. <br><br>         Defendants. | Case No. <br><br> **COMPLAINT FOR DAMAGES** <br><br> 1. **42 USC §1983 - 4th Amendment Violations – Excessive Force,** <br> 2. **42 USC 1983 - 4th Amendment Violations – Unlawful Search & Seizure,** <br> 3. **Assault,** <br> 4. **Battery,** <br> 5. **False Arrest and False Imprisonment,** <br> 6. **Intentional Infliction of Emotional Distress,** <br> 7. **Negligent Infliction of Emotional Distress,** <br> 8. **Ralph Act (CA Civil Code § 51.7),** <br> 9. **Bane Act (CA Civil Code § 52.1),** <br> 10. **Negligence, and Negligent Hiring, Training, Supervision, and Retention)** <br> 11. **Dog Bite Statute [Cal. Civ. Code §3342).** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiffs, and each of them, allege the following:

## JURISDICTION

1.      Counts in this action arise under 42 U.S.C. § 1983.   This Court has original

---

COMPLAINT AND JURY DEMAND       1.

jurisdiction pursuant to 28 U.S.C. § 1343(3).   This Court also has supplemental jurisdiction over

Plaintiff's related state claims pursuant to 28 U.S.C. § 1367.

## VENUE

2.      Venue is proper in the United States District Court for the Northern District of

California, pursuant to 28 U.S.C. sections 84 and 1391.  The events that gave rise to this complaint

occurred in the City of Palo Alto, which is located in Santa Clara County in the State of

California, and one or more of the defendants resides in Santa Clara County, California.

## INTRADISTRICT ASSIGNMENT

3.      The actions that gave rise to this complaint occurred in Santa Clara County,

California.  Assignment of this action to the San Jose Division of this Court is appropriate

according to Local Rule 3-2(e).

## PARTIES

4.      Plaintiff T.M. was a minor at the time of the incident that gives rise to this action,

and is a minor and a resident of the State of California at the time of the filing of this action.  He is

bringing this action through his natural mother, ALACIA HAFNER.  (The initials of the minor are

being used rather than his full name, pursuant to FRCP 5.2(a)(3)).  At the time of the incident

complained here, plaintiff T.M. was 16 years old.)

5.      Plaintiff ALACIA HAFNER is a competent adult and the natural mother of T.M.

She was not present during the incident that is at issue in this litigation and does not have any of

her own personal claims.  Her involvement in this litigation is only to represent her son, T.M.  She

is petitioning to be appointed as the guardian ad litem for her son, pursuant to FRCP 17(c).

7.      The CITY OF PALO ALTO is a governmental entity responsible for the actions of

its subdivision, the Palo Alto Police Department.

8.      Plaintiffs are informed and believe the following:  Defendant RON WATSON is

and/or was the chief [or Interim Chief] of the Palo Alto Police Department.  Plaintiff alleges that he personally participated in promulgating the policies and practices that led to the misconduct of the individual officers, and ratified the misconduct of the individual defendant officers.  He is being sued in his official and individual capacities.

9.      Plaintiffs are informed and believe the following:  As for all of the defendant police officers, their first names are not currently known as of the drafting and filing of this Complaint. Therefore, plaintiff is referring to the officers by their last names and police ID numbers. Defendant OFFICER YOUNG [ID #: 6169] is an adult and resident of the State of California.  At all times relevant herein, he was an officer employed by the City of Palo Alto Police Department and was acting under color of law within the course and scope of his employment.  He is being sued in his individual capacity.

10.      Plaintiffs are informed and believe the following:  Defendant OFFICER BARBOUR [ID #: 7082] is an adult and resident of the State of California.  At all times relevant herein, he was an officer employed by the City of Palo Alto Police Department and was acting under color of law within the course and scope of his employment.  He is being sued in his individual capacity.

11.      Plaintiffs are informed and believe the following:  Defendant OFFICER WHITEHURST [ID #: 7118] is an adult and resident of the State of California.  At all times relevant herein, he was an officer employed by the City of Palo Alto Police Department and was acting under color of law within the course and scope of his employment.  He is being sued herein in his individual capacity.

12.      Plaintiffs are informed and believe the following:  Defendant OFFICER M. VILLAESCUSA [ID #: 4456] is an adult and resident of the State of California.  At all times relevant herein, he was an officer employed by the City of Palo Alto Police Department and was

acting under color of law within the course and scope of his employment.  He is being sued in his individual capacity.

13.     Plaintiffs are informed and believe the following:  Defendant OFFICER TANNOUS [ID #: 7189] is an adult and resident of the State of California.  At all times relevant herein, he was an officer employed by the City of Palo Alto Police Department and was acting under color of law within the course and scope of his employment.  He is being sued in his individual capacity.

14.     Plaintiffs are informed and believe the following:  Defendant OFFICER FINO [ID #: 6381] is an adult and resident of the State of California.  At all times relevant herein, he was an officer employed by the City of Palo Alto Police Department and was acting under color of law within the course and scope of his employment.  He is being sued in his individual capacity.

15.     Plaintiffs are informed and believe the following:  Defendant OFFICER BURGIO [ID #: 6476] is an adult and resident of the State of California.  At all times relevant herein, he was an officer employed by the City of Palo Alto Police Department and was acting under color of law within the course and scope of his employment.  He is being sued in his individual capacity.

16.     Plaintiffs are informed and believe the following:  Defendant OFFICER ENBERG [ID #: 7190] is an adult and resident of the State of California.  At all times relevant herein, he was an officer employed by the City of Palo Alto Police Department and was acting under color of law within the course and scope of his employment.  He is being sued in his individual capacity.

17.     Plaintiffs are ignorant of the true names and capacities of defendants sued herein as Does 1 through 100, inclusive, and therefore sue these defendants by such fictitious names and capacities.  Plaintiffs are informed and believe and based thereon allege that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that plaintiffs' injuries as herein alleged were proximately caused by the actions and/or in-

actions of said Doe defendants.  Plaintiffs will amend this complaint to include the true identities of said doe defendants when they are ascertained.

18.     At all times mentioned, each of the defendants was acting as the agent, principal, employee, and/or employer of one or more of the remaining defendants and was, at all times herein alleged, acting within the purpose, course, and scope of such agency and/or employment for purposes of respondent superior and/or vicarious liability as to all other defendants.

19.     At all times mentioned herein, the defendants, and each of them, employed, hired, trained, retained, and/or controlled the actions of all other defendants, and each of them.

## **FACTS**

20.     T.M. is a minor.  He is African American.  ALACIA HAFNER is his natural mother.

21.     T.M. was lawfully walking and/or standing at the corner of Bryant Street and Bryant Court in the early morning hours of April 7, 2016.  Shortly thereafter, the police came with the sirens on and stopped their cars at the two corners where the T.M., along with his friends, were present.

22.     A Palo Alto Police Officer pulled up to T.M.  The Officer had her gun drawn.  T.M. had his hands up in the air, was not running, and was fully cooperative with the police.

23.     There was no warrant for T.M.'s arrest, and he was not on probation or parole.

24.     During the course of the arrest, a Palo Alto Police dog, which was in the backseat of the police officer's vehicle, ran out of the vehicle, and attacked T.M.  T.M. did not run as he believed not running would quell any inclination on the part of the police dog to bite or attack T.M.

25.     The police dog was allowed and encouraged to maul, bite, scratch, and attack T.M. all over his body for an extended period of time, even after T.M. was within the control of the

police dog.  The police dog bit T.M. all over his body, including, but not limited to, on the leg, including the shin, the thigh, and on T.M.'s hand.

26.     While T.M. was being bitten and mauled by the police dog, defendant officers, and each of them, stood around and watched without taking steps to protect him from the dog.

27.     As a result of the physical violence exerted by the defendants and their dog, T.M. suffered cuts, lacerations, scrapes, and deep puncture wounds on his legs and hands, and other parts of his body.   He suffered extreme physical pain and mental suffering.  Today he bears the physical and mental scars of what defendants did to him.

28.     T.M. was finally allowed to be seen by paramedics arrested and taken to the hospital.  He continues to suffer from the physical pain from the incident, as well as psychological issues, including wanting to commit suicide.

29.     Plaintiff is not sure of the officer who initially detained and arrested T.M., but believes that all of the officers played some part in allowing the police dog to attack the plaintiff, hold him down, and let him continue to bleed for a period of time, point a gun at him despite the fact that he was fully cooperating.  Plaintiffs are informed and believe that all of the involved defendants were employed by the PALO ALTO POLICE DEPARTMENT and were wearing law enforcement clothing.

30.     T.M. did not forcibly resist Defendants.  There was no reasonable suspicion that he had committed any crimes before he was detained and no probable cause to believe that he had committed any crimes before he was arrested.  There was no good cause to exert any force, much less the amount of force that was exerted upon him.

31.     No charges were ever brought against plaintiff T.M.

### CUSTOM, PRACTICE, AND POLICY

32.     The unconstitutional actions and/or omissions of the individual police officers, on

information and belief, were pursuant to the following customs, policies, practices and/or procedures of the CITY OF PALO ALTO and its police chief RON WATSON as follows:

    a.    To use, tolerate, or instruct the use of excessive and/or unjustified force;

    b.    To engage in or tolerate unreasonable seizures and restraints;

    c.    To engage in or tolerate the improper and dangerous use of police dogs;

    d.    To fail to institute, require, and enforce proper and adequate training, supervision, policies, and procedures concerning stops, arrests, and the use of force, including, but not limited to, force exerted upon a citizen through the use of a police dog;

    e.    To fail to use appropriate and generally accepted law enforcement procedures for handling mentally ill and/or emotionally disturbed people;

    f.    To fail to institute, require, and enforce proper and adequate training, supervision, policies, and procedures concerning handling mentally ill and/or emotionally disturbed people;

    g.    To hide or cover up violations of constitutional rights by any of the following:

        i.    By failing to properly investigate and/or evaluate complaints or incidents of excessive and unreasonable force, unlawful seizures, and/or handling of mentally ill and/or emotionally disturbed people;

        ii.    By ignoring and/or failing to properly investigate and/or discipline unconstitutional or unlawful law enforcement activity; and

        iii.    By allowing, tolerating, and/or encouraging law enforcement officers to fail to file complete and accurate reports; file false reports; make false statements; collude in report writing; and/or obstruct or interfere with investigations of unconstitutional or unlawful law enforcement conduct by withholding and/or concealing material information; and

    h.    To allow, tolerate, and/or encourage a 'code of silence' among law enforcement officers and police department personnel, whereby an officer or member of the police department

---

COMPLAINT AND JURY DEMAND       7.

does not provide adverse information against a fellow officer or member of the department; and

i.      Defendants CITY OF PALO ALTO and chief RON WATSON failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline the individual officers involved herein, with deliberate indifference to Plaintiffs' constitutional rights.

j.      Defendant CITY OF PALO ALTO had and were utilizing improper training and techniques for subduing individuals suspected of felony crimes. The CITY OF PALO ALTO's police dogs were trained to a bite and hold techniques which requires greater force to be applied which obviously results in unique spectrum of injuries, including deep puncture wounds, sever crush injuries, and lacerations.

k.      Defendant CITY OF PALO ALTO failed to adequately train their police dogs and their dogs were involved in other biting incidents.

33.     It is the custom, practice, and policy of the CITY OF PALO ALTO'S police department and its chief RON WATSON and Does 1 to 20 to inadequately and improperly investigate complaints of police misconduct, thereby directly and/or indirectly endorsing and encouraging such actions.

34.     Plaintiffs are informed and believe that, despite numerous complaints that CITY OF PALO ALTO's officers were using excessive force upon citizens, CHIEF RON WATSON has not properly investigated or disciplined officers based upon a citizen's complaint of excessive force.  This custom, practice, and/or policy condones, ratifies, supports and encourages the improper, unnecessary, and/or excessive use of force by officers employed by the CITY OF PALO ALTO and under CHIEF RON WATSON'S command.

35.     Plaintiffs are informed and believe that it is the custom, practice, and/or policy of the CITY OF PALO ALTO'S police department and CHIEF RON WATSON and Does 1 to 20 not to monitor and track the number of times officers under his command are accused of using

excessive force. They do <u>not</u> keep statistics on individual officers. This custom, practice, and/or policy condones, ratifies, supports and encourages the improper, unnecessary, and/or excessive use of force by CITY OF PALO ALTO officers under CHIEF RON WATSON'S command.

36. Plaintiffs are informed and believe that it is the custom, practice, and policy of the CITY OF PALO ALTO'S police department and CHIEF RON WATSON and Does 1 to 20 <u>not</u> to monitor and track the number of times officers under his command use force on citizens. They do <u>not</u> keep statistics on individual officers. This custom, practice, and/or policy condones, ratifies, supports and encourages the improper, unnecessary, and/or excessive use of force by CITY OF PALO ALTO officers under CHIEF RON WATSON'S command.

37. Plaintiffs are informed and believe that it is the custom, practice, and policy of the CITY OF PALO ALTO'S police department and CHIEF RON WATSON and Does 1 to 20 <u>not</u> to monitor and track the frequency that forced is used by officers he commands or whether the use of force is increasing or decreasing over time. This custom, practice, and/or policy condones, ratifies, supports and encourages the improper, unnecessary, and/or excessive use of force by CITY OF PALO ALTO officers under CHIEF RON WATSON'S command.

38. Plaintiffs are informed and believe that it is the custom, practice, and policy of the CITY OF PALO ALTO'S police department and CHIEF RON WATSON and Does 1 to 20 <u>not</u> to monitor and track the percentage of citizen complaints that include allegations that one or more officers under his command used excessive force. This custom, practice, and/or policy condones, ratifies, supports and encourages the improper, unnecessary, and/or excessive use of force by CITY OF PALO ALTO officers under CHIEF RON WATSON'S command.

39. Plaintiffs are informed and believe that it is the custom, practice, and policy of the CITY OF PALO ALTO'S police department and CHIEF RON WATSON, and Does 1 to 20 to try to avoid the disclosure of the improper, unnecessary, and excessive use of force by officers under

his command.  This custom, practice, and/or policy condones, ratifies, supports and encourages the improper, unnecessary, and/or excessive use of force by CITY OF PALO ALTO officers under CHIEF RON WATSON'S command.

40.     Plaintiffs are informed and believe that Defendants, including CITY OF PALO ALTO had actual knowledge, prior to the incident that their police dog was dangerous, vicious and was capable of committing such an attack on a person. California Food & Agriculture Code, Division 14, Chapter 9. Chapter 9. Potentially Dangerous and Vicious Dogs. § 31601. Legislative declarations and findings. The Legislature finds and declares all of the following: (a) Potentially dangerous and vicious dogs have become a serious and widespread threat to the safety and welfare of citizens of this state. In recent years, they have assaulted without provocation and seriously injured numerous individuals, particularly children, and have killed numerous dogs. Many of these attacks have occurred in public places. (b) The number and severity of these attacks are attributable to the failure of owners to register, confine, and properly control vicious and potentially dangerous dogs. (c) The necessity for the regulation and control of vicious and potentially dangerous dogs is a statewide problem, requiring statewide regulation, and existing laws are inadequate to deal with the threat to public health and safety posed by vicious and potentially dangerous dogs.  California Food & Agriculture Code, Division 14, Chapter 9. Chapter 9. § 31602. Potentially dangerous dog defined. "Potentially dangerous dog" means any of the following: (b) (b) Any dog which, when unprovoked, bites a person causing a less severe injury than as defined in Section 31604. California Food & Agriculture Code, Division 14, Chapter 9. Chapter 9. ,§ 31603. Vicious dog defined "Vicious dog" means any of the following: (a) Any dog that, when unprovoked, in an aggressive manner, inflicts severe injury on or kills a human being.

41.     Notwithstanding knowledge on the part of the CITY OF PALO ALTO and its chief RON WATSON that their officers injured Plaintiffs and violated T.M.'S civil rights by engaging

in the activities alleged above, the CITY OF PALO ALTO and its police chief RON WATSON have expressed an affirmative agreement with the individual defendant officers' actions and have ratified the unconstitutional and unlawful acts by the individual defendant officers.

## CLAIMS PROCEDURE

42.     Plaintiffs have made the necessary claims, pursuant to California Government Code § 910, to preserve the state causes of action set forth below.

## FIRST COUNT
**(Violation of Fourth Amendment Rights – Excessive Force)**
**(42 USC § 1983)**
**(Brought by Plaintiff T.M. against all Defendants)**

43.     Plaintiffs incorporate, herein by reference, paragraphs 1 through 41 as though fully set forth herein.

44.     This action arises under the United States Constitution, particularly under the provisions of the Fourth Amendment to the Constitution of the United States, and under federal law, particularly Title 42 of the United States Code, § 1983. Defendants are liable for this cause of action for committing a breach and for violating the allegations in paragraphs 32 to 41 of this Complaint.

44.     Each of the acts complained of herein was committed against T.M. by the Defendants, and each of them, under the color and pretense of the statutes, ordinances, regulations, customs, and usages of the State of California, the CITY OF PALO ALTO and SANTA CLARA COUNTY, and under the authority of their offices as law enforcement officers for the CITY OF PALO ALTO.

45.     The conduct of the Defendants, and each of them, deprived Plaintiff T.M. of the right of not to be subjected to excessive force during the course of a search, an arrest, an investigatory stop, or a seizure of his person, as secured by the Fourth Amendment to the

Constitution of the United States.

46.     At no time did T.M. attempt to resist a lawful command by fleeing or exerting unlawful physical force to the defendant officers.  A no time did any of the Plaintiffs act violently with the defendant officers.

47.     The actions of the Defendants, and each of them, were the result of policies and/or customs by CHIEF RON WATSON and/or Does 1 to 20, whose inadequacy in training the defendant officers with respect to the performance of their duties, including, but not limited to, searches, seizures, use of force, arrests, detentions, and discrimination constituted a deliberate indifference to citizens.

48.     The Defendants, and each of them, knowingly and willfully conspired and agreed among themselves to violate T.M.'S civil rights.  The Officers conspired to injure T.M.

49.     As a direct and proximate result of Defendants' conduct, as alleged herein, Plaintiff T.M. suffered physical injuries, fright, shock, pain, suffering, inconvenience, anxiety, and extreme mental anguish.  Accordingly T.M. suffered past and future general damages in amounts to be determined by proof at trial.

50.     As a direct and proximate result of the Defendants' conduct, T.M. required medical treatment, and/or missed time from educational pursuits.  He suffered past and future special damages in amounts to be determined by proof at trial.

51.     Through their conduct, the individual officers acted maliciously and oppressively, in willful and conscious disregard for T.M.'S rights and safety and with the sole intent to harm T.M.  T.M. is therefore entitled to punitive or exemplary damages from the individual officers in an amount to be determined by proof at trial.

52.     As a proximate cause of the Defendants' conduct, T.M. is incurring attorney fees and litigation costs, including the costs of retaining experts.

## SECOND COUNT
### (Violation of Fourth Amendment Rights – Illegal Search & Seizure)
### (42 USC § 1983)
### (Brought by Plaintiff T.M. against all Defendants)

53.     Plaintiffs incorporate, herein by reference, paragraphs 1 through 52 as though fully set forth herein.

54.     This action arises under the United States Constitution, particularly under the provisions of the Fourth Amendment to the Constitution of the United States, and under federal law, particularly Title 42 of the United States Code, § 1983. Defendants are liable for this cause of action for committing a breach and for violating the allegations in paragraphs 32 to 41 of this Complaint.

55.     Each of the acts complained of herein was committed by the Defendants, and each of them, under the color and pretense of the statutes, ordinances, regulations, customs, and usages of the State of California, the CITY OF PALO ALTO, and SANTA CLARA COUNTY, and under the authority of their offices as law enforcement officers for the CITY OF PALO ALTO.

56.     The conduct of the Defendants, and each of them, deprived T.M. of the right of the right to be secure in his person and effects against unreasonable search and seizure, as secured by the Fourth Amendment to the Constitution of the United States.

57.     The actions of the Defendants, and each of them, were the result of policies and/or customs by CHIEF RON WATSON, and/or Does 1 to 20, whose inadequacy in training the defendant officers with respect to the performance of their duties, including, but not limited to, searches, seizures, use of force, arrests, and detentions, constituted a deliberate indifference to citizens' rights.

58.     The Defendants, and each of them, knowingly and willfully conspired and agreed

among themselves to violate T.M.'S civil rights.  The Officers conspired to injure T.M.

59.     As a direct and proximate result of the Defendants' conduct, as alleged herein,

T.M. suffered physical injuries, fright, shock, pain, suffering, inconvenience, anxiety, and extreme

mental anguish.  Accordingly, T.M. has suffered past and future general damages in amounts to be

determined by proof at trial.

60.     As a direct and proximate result of the Defendants' conduct, T.M. required medical

treatment, and/or missed time from educational pursuits.  He suffered past and future special

damages in amounts to be determined by proof at trial.

61.     Through their conduct, the individual officers acted maliciously and oppressively,

in willful and conscious disregard for T.M.'S rights and safety and with the sole intent to harm

T.M.  T.M. is entitled to punitive or exemplary damages from the individual officers in an amount

to be determined by proof at trial.

62.     As a proximate cause of the Defendants' conduct, T.M. is incurring attorney fees

and litigation costs, including the costs of retaining experts.

### THIRD COUNT
**(Assault)**
**(Brought by Plaintiff T.M. against all Defendants)**

63.     Plaintiffs incorporate, herein by reference, paragraphs 1 through 62 as though fully

set forth herein.

64.     The Defendants, and each of them, demonstrated an unlawful intent to inflict

immediate injury upon plaintiff T.M.  They acted with the intent to cause a harmful or offensive

contact with him.  For example, Defendants threatened T.M. with physical harm and threatened

him with being attacked by the police dog by knowingly allowing the police dog to be able to run

out of the police car, and attack anyone. Defendants are liable for this cause of action for

committing a breach and for violating the allegations in paragraphs 32 to 41 of this Complaint.

65.     T.M. was aware of the defendants' actions and was caused and placed in imminent apprehension of physical and emotional harm.

66.     The defendants' actions constituted excessive force that was not reasonable.

67.     The defendants, and each of them, knowingly and willfully conspired and agreed among themselves to assault plaintiff T.M.  The Officers at the scene conspired to injure him.

68.     As a direct and proximate result of the Defendants' conduct, as alleged herein, T.M. suffered physical injuries, fright, shock, pain, suffering, and/or extreme mental anguish. Accordingly he has suffered past and future general damages in amounts to be determined by proof at trial.

69.     As a direct and proximate result of the Defendants' conduct, T.M. required medical treatment and/or missed time from educational pursuits.  He suffered past and future special damages in amounts to be determined by proof at trial.

70.     Through their conduct, the individual officers acted maliciously and oppressively, in willful and conscious disregard for T.M.'S rights and safety and with the sole intent to harm him.  He is therefore entitled to punitive or exemplary damages from the individual officers in an amount to be determined by proof at trial.

## FOURTH COUNT
### (Battery)
### (Brought by Plaintiff T.M. against all Defendants)

71.     Plaintiffs incorporate, herein by reference, paragraphs 1 through 70 as though fully set forth herein.

72.     The Defendants, and each of them, intended to cause and did cause harmful and/or offensive contact with T.M.  T.M. was grabbed, struck, choked, wrenched, manhandled, handcuffed, and bitten by the dog. Defendants are liable for this cause of action for committing a breach and for violating the allegations in paragraphs 32 to 41 of this Complaint.

73.     T.M. did not consent to the Defendants' harmful contact.  He is a minor.

74.     The Defendants' actions constituted excessive force that was not reasonable.

75.     The Defendants, and each of them, knowingly and willfully conspired and agreed among themselves to batter T.M.  The Officers at the scene conspired to injure T.M.

76.     As a direct and proximate result of the Defendants' conduct, as alleged herein, T.M. suffered physical injuries, fright, shock, pain, suffering, and extreme mental anguish. Accordingly, T.M. has suffered past and future general damages in amounts to be determined by proof at trial.

77.     As a direct and proximate result of the Defendants' conduct, T.M. required medical treatment and/or missed educational pursuits.  He suffered past and future special damages in amounts to be determined by proof at trial.

78.     Through their conduct, the individual officers acted maliciously and oppressively, in willful and conscious disregard for T.M.'S rights and safety and with the sole intent to harm him.  T.M. is therefore entitled to punitive or exemplary damages from the individual officers in an amount to be determined by proof at trial.

### FIFTH COUNT
**(False Arrest & False Imprisonment)**
**(Brought by Plaintiff T.M. against all Defendants)**

79.     Plaintiffs incorporate, herein by reference, paragraphs 1 through 78 as though fully set forth herein.

80.     The Defendants, and each of them, intentionally acted with the purpose of confining T.M. against his will.  T.M. was detained and seized by the defendant officers who were at the scene.  The detentions and seizures amounted to unlawful arrests. Defendants are liable for this cause of action for committing a breach and for violating the allegations in paragraphs 32 to 41 of this Complaint.

81.     The arrest of T.M. was made without an arrest warrant.  The arrest was unreasonable and lacked probable cause.  The arrest was unlawful and the Defendants were without reasonable cause to believe the arrest was lawful at the time it was made.

82.     The Defendants, and each of them, knowingly and willfully conspired and agreed among themselves to falsely arrest T.M.  The Officers at the scene conspired to injure T.M.

83.     As a direct and proximate result of the Defendants' conduct, as alleged herein, T.M. suffered physical injuries, fright, shock, pain, suffering, and extreme mental anguish. Accordingly, T.M. suffered past and future general damages in amounts to be determined by proof at trial.

84.     As a direct and proximate result of the Defendants' conduct, T.M. required medical treatment and/or missed time from educational pursuits.  He suffered past and future special damages in amounts to be determined by proof at trial.

85.     Through their conduct, the individual officers acted maliciously and oppressively, in willful and conscious disregard for T.M.'S rights and safety and with the sole intent to harm him.  T.M. is therefore entitled to punitive or exemplary damages from the individual officers in an amount to be determined by proof at trial.

## SIXTH COUNT
### (Intentional Infliction of Emotional Distress)
### (Brought by Plaintiff T.M. against all Defendants)

86.     Plaintiffs incorporate, herein by reference, paragraphs 1 through 85 as though fully set forth herein.

87.     The conduct of the Defendants, and each of them, was intentional, outrageous, malicious, and done with ill will and with the intent to cause T.M. to suffer humiliating mental anguish, as well as emotional and physical distress. Defendants are liable for this cause of action for committing a breach and for violating the allegations in paragraphs 32 to 41 of this Complaint.

COMPLAINT AND JURY DEMAND                    17.

88.     The conduct of the Defendants, and each of them, was so severe and outrageous that as a proximate result T.M. suffered humiliation, mental anguish, and emotional and physical distress.  T.M. was humiliated before his family members.  He has exhibited manifestations of the humiliation, mental anguish, and emotional distress he suffered, including, but not limited to, sleeplessness, anxiety, nightmares, ruminating on the events, and/or crying.  He now also exhibits an extreme fear of the police and dogs, and has become suicidal.

89.     The Defendants, and each of them, knowingly and willfully conspired and agreed among themselves to inflict emotional distress upon T.M.  The officers at the scene conspired to injure T.M.

90.     As a direct and proximate result of the Defendants' conduct, as alleged herein, T.M. suffered physical injuries, fright, shock, pain, suffering, and/or extreme mental anguish. Accordingly he has suffered past and future general damages in amounts to be determined by proof at trial.

91.     As a direct and proximate result of the Defendants' conduct, T.M. required medical treatment and/or missed time from educational pursuits.  He suffered past and future special damages in amounts to be determined by proof at trial.

92.     Through their conduct, the individual officers acted maliciously and oppressively, in willful and conscious disregard for T.M.'S rights and safety and with the sole intent to harm him.  T.M. is therefore entitled to punitive or exemplary damages from the individual officers in an amount to be determined by proof at trial.

## SEVENTH COUNT
### (Negligent Infliction of Emotional Distress)
### (Brought by Plaintiff T.M. against all Defendants)

93.     Plaintiffs incorporate, herein by reference, paragraphs 1 through 92 as though fully set forth herein.

---

COMPLAINT AND JURY DEMAND                    18.

94.     The conduct of the Defendants, and each of them, negligently caused T.M. to suffer humiliating mental anguish, as well as emotional and physical distress. Defendants are liable for this cause of action for committing a breach and for violating the allegations in paragraphs 32 to 41 of this Complaint.

95.     The conduct of the Defendants, and each of them, was so severe and outrageous that as a proximate result T.M. suffered humiliation, mental anguish, and emotional and physical distress.  T.M. was humiliated before his family members.  He has exhibited manifestations of the humiliation, mental anguish, and emotional distress he suffered, including, but not limited to, sleeplessness, anxiety, nightmares, ruminating on the events, and/or crying.  He now also exhibits an extreme fear of the police and dogs, and, at times, becomes suicidal.

96.     The Defendants, and each of them, knowingly and willfully conspired and agreed among themselves to act in such a manner that T.M. would be caused to suffer emotional distress.  The officers at the scene conspired to injure T.M.

97.     As a direct and proximate result of the Defendants' conduct, as alleged herein, T.M. suffered physical injuries, fright, shock, pain, suffering, and/or extreme mental anguish. Accordingly he has suffered past and future general damages in amounts to be determined by proof at trial.

98.     As a direct and proximate result of the Defendants' conduct, T.M. required medical treatment and/or missed time from educational pursuits.  He suffered past and future special damages in amounts to be determined by proof at trial.

99.     Through their conduct, the individual officers acted maliciously and oppressively, in willful and conscious disregard for T.M.'S rights and safety and with the sole intent to harm him.  He is, therefore, entitled to punitive or exemplary damages from the individual officers in an amount to be determined by proof at trial.

## EIGHTH COUNT
### (Ralph Act – California Civil Code § 51.7)
### (Brought by Plaintiff T.M. against all Defendants)

100.    Plaintiffs incorporate, herein by reference, paragraphs 1 through 100 as though fully set forth herein.

101.    T.M. is an African American male and was about 16 years old at the time of the incident that gives rise to the instant litigation.  Defendants are liable for this cause of action for committing a breach and for violating the allegations in paragraphs 32 to 41 of this Complaint.

102.    In performing the actions alleged above, Defendants, and each of them violated T.M.'S right to be free from any violence or intimidation by threat of violence committed against his person because of discrimination, including, but not limited to discrimination based upon his medical condition, race, color, ancestry, economic status, place of residence, or familial affiliation.

103.    The Defendants, and each of them, knowingly and willfully conspired and agreed among themselves to discriminate against T.M. and to violate T.M.'S civil rights.  The Officers at the scene conspired to injure T.M..

104.    As a direct and proximate result of the Defendants' conduct, as alleged herein, T.M. suffered physical injuries, fright, shock, pain, suffering, and/or extreme mental anguish. Accordingly, T.M. has suffered past and future general damages in amounts to be determined by proof at trial.

105.    As a direct and proximate result of the defendants' conduct, T.M. required medical treatment and/or missed time from educational pursuits.  He suffered past and future special damages in amounts to be determined by proof at trial.

106.    Through their conduct, the individual officers acted maliciously and oppressively, in willful and conscious disregard for T.M.'S rights and safety and with the sole intent to harm him.  T.M. is, therefore entitled to punitive or exemplary damages from the individual officers in

an amount to be determined by proof at trial.

107.   As a proximate cause of the Defendants' conduct, T.M. is incurring attorney fees.

108.   Defendant's violation of T.M.'S rights, as guaranteed by California *Civil Code* section 51.7, entitles him to compensatory and punitive damages, as well as attorney fees, all of which are provided for in California *Civil Cod*e section 52 and are requested, herein.

### NINTH COUNT
**(Bane Act – California Civil Code § 52.1)**
**(Brought by Plaintiff T.M. against all Defendants)**

109.   Plaintiffs incorporate, herein by reference, paragraphs 1 through 108 as though fully set forth herein.

110.   In performing the actions alleged above, the Defendants, and each of them, interfered by threats, intimidation, violence, or coercion with T.M.'S exercise or enjoyment of rights secured by the Constitution or laws of the United States and/or the rights secured by the Constitution or laws of the State of California.  These laws include, but are not limited to, the first, fourth, and fourteenth amendments to the United States Constitution; Article 1, sections 1, 2, 13 and 17 of the California Constitution; and California *Civil Code* § 43. Defendants are liable for this cause of action for committing a breach and for violating the allegations in paragraphs 32 to 41 of this Complaint.

111.   The Defendants, and each of them, knowingly and willfully conspired and agreed among themselves to violate T.M.'S civil rights and to injure him.

112.   As a direct and proximate result of the Defendants' conduct, as alleged herein, T.M. suffered physical injuries, fright, shock, pain, suffering, and/or extreme mental anguish. Accordingly, he has suffered past and future general damages in amounts to be determined by proof at trial.

113.   As a direct and proximate result of the Defendants' conduct, T.M. required medical

treatment and/or missed time from educational pursuits.  He suffered past and future special

damages in amounts to be determined by proof at trial.

114.    Through their conduct, the individual officers acted maliciously and oppressively,

in willful and conscious disregard for T.M.'S rights and safety and with the sole intent to harm

him.  He is, therefore, entitled to punitive or exemplary damages from the individual officers in an

amount to be determined by proof at trial.

115.    As a proximate cause of the Defendants' conduct, T.M. is incurring attorney fees

and litigation costs.

116.    Defendant's violation of Plaintiff's rights as guaranteed by California *Civil Code*

section 52.1 entitles T.M. to compensatory and punitive damages, treble damages, as well as

attorney fees, all of which are provided for in California *Civil Code* sections 52, et seq., and are

requested, herein.

**TENTH COUNT**
**(Negligence, and Negligent Hiring, Training, Supervision, and Retention)**
**(Brought by Plaintiff T.M. against all Defendants)**

117.    Plaintiffs incorporate, herein by reference, paragraphs 1 through 116 as though

fully set forth herein.

118.    The police officers had a duty to ensure that the police dog that was inside their

vehicle did not escape the vehicle without their orders and harm members of the public.  They had

a duty to make sure that the police dog was securely inside their police vehicle. Here, the police

officers breached said duty in that the police dog escaped from its vehicle, without being

instructed to by the police officers.  The police dog was not secured inside the vehicle, thus

allowing it to escape and be a danger to members of the public. Defendants are liable for this

cause of action for committing a breach and for violating the allegations in paragraphs 32 to 41 of

this Complaint.

119.     Additionally, Defendants including CITY OF PALO ALTO and their police officers were negligent and their conduct fell below the reasonable standard of conduct as CITY OF PALO ALTO did not fully train their employees to follow customs, policies, practices and/or procedures of the CITY OF PALO ALTO. For example, CITY OF PALOALTO failed to adequately train including the supervision of their employees pertaining:

a.      Using, tolerating, or instructing or refraining from the using unnecessary us of excessive and/or unjustified force;

b.      Engaging in or tolerating unreasonable seizures and restraints;

c.      Engaging or tolerating the improper and dangerous use of police dogs;

d.      Failing to institute, require, and enforce proper and adequate training, supervision, of CITY OF PALO ALTO's policies, and procedures concerning stops, arrests, and the use of force, including, but not limited to, force exerted upon a citizen through the use of a police dog;

e.      Failing to use appropriate and generally accepted law enforcement procedures for handling mentally ill and/or emotionally disturbed people;

f.      Failing to institute, require, and enforce proper and adequate training, supervision, policies, and procedures concerning handling mentally ill and/or emotionally disturbed people;

g.      Moreover, Defendants including CITY OF PALO ALTO were negligent for hiding or cover up violations of constitutional rights by any of the following:

i.      By failing to properly investigate and/or evaluate complaints or incidents of excessive and unreasonable force, unlawful seizures, and/or handling of mentally ill and/or emotionally disturbed people;

ii.      By ignoring and/or failing to properly investigate and/or discipline unconstitutional or unlawful law enforcement activity; and

iii.      By allowing, tolerating, and/or encouraging law enforcement officers to fail

to file complete and accurate reports; file false reports; make false statements; collude in report writing; and/or obstruct or interfere with investigations of unconstitutional or unlawful law enforcement conduct by withholding and/or concealing material information; and

h.     To allow, tolerate, and/or encourage a 'code of silence' among law enforcement officers and police department personnel, whereby an officer or member of the police department does not provide adverse information against a fellow officer or member of the department; and

i.     Defendants CITY OF PALO ALTO and chief RON WATSON failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline the individual officers involved herein, with deliberate indifference to Plaintiffs' constitutional rights.

j.     Defendant CITY OF PALO ALTO failed to adequately train their police dogs and their dogs were involved in other biting incidents. Defendant CITY OF PALO ALTO was negligent for providing improper training to their police dogs, including their police dog that caused injuries to Plaintiff. Additionally, Defendant CITY OF PALO ALO negligently retained, monitored, and supervised their police dogs.

120.     Defendants including CITY OF PALO ALTO breached their duty to take reasonable precautions to ensure the public and Plaintiffs would be protected safely from unnecessary attacks by their police dog. Defendants failed to ensure their employees were properly trained, had sufficient and adequate training, were competent and qualified law enforcing officers to comply with various laws, including Regulations issued. Defendants were negligent for their failure to implement adequate safety standards, policies and procedures to maintain compliance with laws and regulations regarding the safety of the public.  As a result of the police dog escaping from the police vehicle, it was free to roam around and attack anyone, which it did. The police dog attacked plaintiff T.M., causing him injuries and damages.

121.     As a direct and proximate result of the Defendants' conduct, as alleged herein,

COMPLAINT AND JURY DEMAND               24.

T.M. suffered physical injuries, fright, shock, pain, suffering, and/or extreme mental anguish. Accordingly, he has suffered past and future general damages in amounts to be determined by proof at trial.

122.   As a direct and proximate result of the Defendants' conduct, T.M. required medical treatment and/or missed time from educational pursuits.  He suffered past and future special damages in amounts to be determined by proof at trial.

123.   Through their conduct, the individual officers acted maliciously and oppressively, in willful and conscious disregard for T.M.'S rights and safety and with the sole intent to harm him.  He is, therefore, entitled to punitive or exemplary damages from the individual officers in an amount to be determined by proof at trial.

124.   As a proximate cause of the Defendants' conduct, T.M. is incurring attorney fees and litigation costs.

## ELEVENTH COUNT
### (CA Dog Bite Statute – CA *Civ. Code* §3342)
### (Brought by Plaintiff T.M. against all Defendants)

125.   Plaintiffs incorporate, herein by reference, paragraphs 1 through 124 as though fully set forth herein.

126.   The police officers had a police dog inside their vehicle at the time of the incident that forms the basis of this litigation.  The police dog belonged to the City of Palo Alto. Defendants are liable for this cause of action for committing a breach and for violating the allegations in paragraphs 32 to 41 of this Complaint.

127.   Plaintiff was in a public place or lawfully in a private place.

128.   The police dog is trained to restrain individuals who are believed to have committed a crime.  Therefore, the police dog is trained in being vicious and in restraining individuals believed to have committed a crime.

129.   The police dog, without any provocation or instruction from a member of the police force, ran out of the police vehicle he was in, and attacked the plaintiff T.M., causing him injuries and damages.

130.   There are no facts to indicate that the police dog attacked the plaintiff while the police dog was defending itself from an annoying, or provoking act, or assisting the agency in any of the items identified in CA *Civ. Code* §3342 (b)(1)-(4).

131.   As a direct and proximate result of the Defendants' conduct, as alleged herein, T.M. suffered physical injuries, fright, shock, pain, suffering, and/or extreme mental anguish. Accordingly, he has suffered past and future general damages in amounts to be determined by proof at trial.

132.   As a direct and proximate result of the Defendants' conduct, T.M. required medical treatment and/or missed time from educational pursuits.  He suffered past and future special damages in amounts to be determined by proof at trial.

133.   Through their conduct, the individual officers acted maliciously and oppressively, in willful and conscious disregard for T.M.'S rights and safety and with the sole intent to harm him.  He is, therefore, entitled to punitive or exemplary damages from the individual officers in an amount to be determined by proof at trial.

134.   As a proximate cause of the Defendants' conduct, T.M. is incurring attorney fees and litigation costs.

## **PRAYER**

Wherefore, Plaintiffs pray for judgment against the Defendants as follows:

**First Count**.

1.     Past and future general damages, including, but not limited to, pain and suffering, and emotional distress, in an amount to be determined according to proof at trial;

2.     Past and future special damages, including, but not limited to, medical and related expenses as well lost educational pursuits and property damage in an amount to be determined according to proof at trial;

3.     Costs of suit incurred herein, including expert fees and costs;

4.     Punitive or exemplary damages against the individual defendant officers, in an amount to be determined according to proof at trial;

5.     Attorney fees; and

6.     For such other and further relief as the court may deem proper.

**Second Count**

7.     Past and future general damages, including, but not limited to, pain and suffering, and emotional distress, in an amount to be determined according to proof at trial;

8.     Past and future special damages, including, but not limited to, medical and related expenses as well as property damage, in an amount to be determined according to proof at trial;

9.     Costs of suit incurred herein, including expert costs and fees;

10.     Punitive or exemplary damages against the individual defendant officers, in an amount to be determined according to proof at trial;

11.     Attorney fees; and

12.     For such other and further relief as the court may deem proper.

**Third Count**

13.     Past and future general damages, including, but not limited to, pain and suffering, and emotional distress, in an amount to be determined according to proof at trial;

14.     Past and future special damages, including, but not limited to, medical and related expenses as well as lost educational pursuits and property damage, in an amount to

---

COMPLAINT AND JURY DEMAND      27.

be determined according to proof at trial;

15.     Costs of suit incurred herein;

16.     Punitive or exemplary damages against the individual defendant officers, in an amount to be determined according to proof at trial; and

17.     For such other and further relief as the court may deem proper.

**Fourth Count**

18.     Past and future general damages, including, but not limited to, pain and suffering, and emotional distress, in an amount to be determined according to proof at trial;

19.     Past and future special damages, including, but not limited to, medical and related expenses as well as lost educational pursuits and property damage, in an amount to be determined according to proof at trial;

20.     Costs of suit incurred herein;  and

21.     For such other and further relief as the court may deem proper.

**Fifth Count**

22.     Past and future general damages, including, but not limited to, pain and suffering, and emotional distress, in an amount to be determined according to proof at trial;

23.     Past and future special damages, including, but not limited to, medical and related expenses as well as lost income and property damage, in an amount to be determined according to proof at trial;

24.     Costs of suit incurred herein;

25.     Punitive or exemplary damages against the individual defendant officers, in an amount to be determined according to proof at trial; and

26.     For such other and further relief as the court may deem proper.

**Sixth Count**

27.   Past and future general damages, including, but not limited to, pain and suffering, and emotional distress, in an amount to be determined according to proof at trial;

28.   Past and future special damages, including, but not limited to, medical and related expenses as well as lost educational pursuits, in an amount to be determined according to proof at trial;

29.   Costs of suit incurred herein;

30.   Punitive or exemplary damages against the individual defendant officers, in an amount to be determined according to proof at trial; and

31.   For such other and further relief as the court may deem proper.

**Seventh Count.**

32.   Past and future general damages, including, but not limited to, pain and suffering, and emotional distress, in an amount to be determined according to proof at trial;

33.   Past and future special damages, including, but not limited to, medical and related expenses as well as lost educational pursuits, in an amount to be determined according to proof at trial;

34.   Costs of suit incurred herein;

35.   Punitive or exemplary damages against the individual defendant officers, in an amount to be determined according to proof at trial; and

36.   For such other and further relief as the court may deem proper.

**Eighth Count.**

37.   Past and future general damages, including, but not limited to, pain and suffering, and emotional distress, in an amount to be determined according to proof at trial;

38.   Past and future special damages, including, but not limited to, medical and related

expenses as well as lost educational pursuits and property damage, in an amount to be determined according to proof at trial;

39.     Costs of suit incurred herein, including expert fees and costs;

40.     Punitive or exemplary damages against the individual defendant officers, in an amount to be determined according to proof at trial;

41.     Treble damages;

42.     Attorney fees; and

43.     For such other and further relief as the court may deem proper.

**Ninth Count.**

44.     Past and future general damages, including, but not limited to, pain and suffering, and emotional distress, in an amount to be determined according to proof at trial;

45.     Past and future special damages, including, but not limited to, medical and related expenses as well as lost educational pursuits and property damage, in an amount to be determined according to proof at trial;

46.     Costs of suit incurred herein, including expert fees and costs;

47.     Punitive or exemplary damages against the individual defendant officers, in an amount to be determined according to proof at trial;

48.     Treble damages;

49.     Attorney fees; and

50.     For such other and further relief as the court may deem proper.

**Tenth Count.**

51.     Past and future general damages, including, but not limited to, pain and suffering, and emotional distress, in an amount to be determined according to proof at trial;

52.     Past and future special damages, including, but not limited to, medical and related

1   expenses as well as lost educational pursuits and property damage, in an amount to

2   be determined according to proof at trial;

3   53.   Costs of suit incurred herein, including expert fees and costs;

4   54.   Punitive or exemplary damages against the individual defendant officers, in an

5   amount to be determined according to proof at trial; and

6

7   55.   For such other and further relief as the court may deem proper.

8   **Eleventh Count.**

9   56.   Past and future general damages, including, but not limited to, pain and suffering,

10   and emotional distress, in an amount to be determined according to proof at trial;

11   57.   Past and future special damages, including, but not limited to, medical and related

12   expenses as well as lost educational pursuits and property damage, in an amount to

13   be determined according to proof at trial;

14

15   58.   Costs of suit incurred herein, including expert fees and costs;

16   59.   Punitive or exemplary damages against the individual defendant officers, in an

17   amount to be determined according to proof at trial; and

18   60.   For such other and further relief as the court may deem proper.

19   Dated:  April 27, 2017                    LAW OFFICES OF BOB KHAKSHOOY

20
21                                  By:   /s/ BOB B. KHAKSHOOY_____
                                          BOB B. KHAKSHOOY, ESQ.
22                                        Attorneys for Plaintiff

23   **DEMAND FOR JURY TRIAL**

24        Plaintiffs hereby demand a jury trial as provided by Rule 38(a) of the Federal Rules of

25   Civil Procedure.

26   Dated:  April 27, 2017                    LAW OFFICES OF BOB B. KHAKSHOOY
27                                  By:   /s/ BOB B. KHAKSHOOY_____
                                          Attorneys for Plaintiff
28

_____
COMPLAINT AND JURY DEMAND          31.